1  Brian P. Kinder (212332)
   THE KINDER LAW GROUP, APC
2  19200 Von Karman Avenue, Fourth Floor
   Irvine, California 92612
3  Telephone: (949) 216-3070
   Facsimile: (949) 216-3074
4  Email: bkinder@tklglaw.com

5  Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET JAMES LLP, | Case No.: 8:23-cv-1415-JWH−DFM |
| Plaintiff, | Hon. John W. Holcomb |
| vs. | **DEFENDANT SWEET JUSTICE, P.C. AND DEFENDANT RAFAEL CONTRERAS SWEETS' ANSWER TO COMPLAINT** |
| SWEET JUSTICE, P.C., and RAFAEL CONTRERAS SWEET, | **DEMAND FOR JURY TRIAL** |
| Defendants. | Complaint Filed: August 4, 2023 |

Defendant SWEET JUSTICE, P.C. and Defendant RAFAEL CONTRERAS SWEET ("MR. SWEET") (collectively Defendant SWEET JUSTICE P.C. and MR. SWEET are referred to herein as "Defendants"), by and through counsel, hereby respond to the complaint of Plaintiff Sweet James, LLP, and demand a jury trial as follows:

## JURISDICTION AND VENUE

1. Defendants allege that the allegations of Paragraph 1 are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, Defendants admit that Plaintiff purports to asserts an action for Trademark Infringement and Unfair Competition under the Trademark Act of 1946, as amended, 15 U.S.C. 1051 et seq. ("Lanham Act"), for Refusal of Registration pursuant to 15 U.S.C. §1119 and 28 U.S.C. §2201, and for Unfair Competition, Trademark Dilution, and Unjust Enrichment under California law, but denies all other salient allegations.

2. Defendants allege that the allegations of Paragraph 2 are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, Defendants admit that Plaintiff purports to base the subject matter jurisdiction for this action on Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and that Plaintiff also purports to assert that this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), but denies all other salient allegations.

3. Defendants allege that the allegations of Paragraph 3 are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, Defendants admit that Plaintiff purports to assert that Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2) because the Defendants reside in this judicial district, a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district, and a substantial part of the property that is the subject of the action is located in this judicial district, but denies all other salient allegations.

## THE PARTIES

4. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 4 and, on that basis, deny each and every allegation of paragraph 4.

5. Defendants admit that Defendant SWEET JUSTICE P.C. is a professional corporation licensed to do business in the State of California with its principal place of business located at 10153 ½ Riverside Dr., Suite 358, Toluca Lake, California.

6. Defendants admit that Defendant Rafael Contreras Sweet is an individual residing in Los Angeles County, California who is a director and shareholder of Sweet Justice, P.C.

7. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 7 and, on that basis, deny each and every allegation of paragraph 7.

8. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 8 and, on that basis, deny each and every allegation of paragraph 8.

9. Defendants deny that Plaintiff possesses common law rights in and to the trademark SWEET JUSTICE.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 9 and, on that basis, deny each and every allegation of paragraph 9.

10. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 10 and, on that basis, deny each and every allegation of paragraph 10.

11. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 11 and, on that basis, deny each and every allegation of paragraph 11.

12. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 12 and, on that basis, deny each and every allegation of

paragraph 12.

13. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 13 and, on that basis, deny each and every allegation of paragraph 13.

14. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 14 and, on that basis, deny each and every allegation of paragraph 14.

15. Defendants admit that Defendant SWEET JUSTICE P.C. offers personal injury law firm services in Southern California. Defendants deny each and every remaining allegation of paragraph 15.

16. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 16 and, on that basis, deny each and every allegation of paragraph 16.

17. Defendants deny that Plaintiff has made any use of the trademark SWEET JUSTICE. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 17 and, on that basis, deny each and every allegation of paragraph 17.

18. Defendants deny knowledge of the existence of the entity Sweet James LLP and deny that Plaintiff's SWEET Marks are famous. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18 and, on that basis, deny each and every allegation of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants admit that Defendant SWEET JUSTICE P.C. filed a trademark application with the U.S. Patent and Trademark Office to register the trademark SWEET JUSTICE for "legal services; litigation services." Defendants further admit that when the U.S. Patent and Trademark Office refused registration to the application, Defendant SWEET JUSTICE P.C. initiated Opposition Proceeding No. 91284592 before the Trademark Trial and Appeal Board. Defendants deny the remaining allegations of

paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(*Trademark Infringement Under the Lanham Act, 15 U.S.C. §§ 1114, 1117*)

28. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

## SECOND CLAIM FOR RELIEF

(*Unfair Competition, False Designation of Origin - 15 U.S.C. § 1125(a)*)

32. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

## THIRD CLAIM FOR RELIEF

(*Trademark Dilution Under Cal. Bus. & Prof. Code § 14247*)

37. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

## FOURTH CLAIM FOR RELIEF

(*Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq.*)

41. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

42. Defendants deny the allegations of paragraph 42.

## FIFTH CLAIM FOR RELIEF

(*Common Law Unfair Competition*)

43. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

## SIXTH CLAIM FOR RELIEF

(*Refusal of Registration*)

46. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Priority

Plaintiff does not possess any common law rights in and to the purported trademark "SWEET JUSTICE" and Defendant SWEET JUSTICE P.C.'s use of the trademark SWEET JUSTICE precedes the filing date of any intent to use trademark application in the name of Plaintiff that is directed to the SWEET JUSTICE trademark.

///

### Second Affirmative Defense: Laches

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's knowledge of Defendants' actions and Plaintiff's unreasonable delay in asserting the claims.

### Fourth Affirmative Defense: Innocent Intent

To the extent that Plaintiff has suffered any damages, which Defendants specifically deny, any such potential remedies are mitigated by Defendants' innocent intent.

### Fifth Affirmative Defense: Failure to Mitigate

To the extent that Plaintiff has suffered any damages, which Defendants specifically deny, Plaintiff has failed to mitigate its damages and thus Plaintiff is barred from recovering same.

### Reservation of Additional Defenses

Defendants reserve all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by plaintiff.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants request entry of judgment in their favor and against Plaintiff as follows:

a. Denying all relief sought by Plaintiff in the complaint;
b. Declaring the action to be exceptional and awarding Defendants their attorneys' fees pursuant to 17 U.S.C. § 1117 or other related law; and
c. Such other and relief as the Court deems just and appropriate.

/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| | Respectfully submitted, |
| Dated: Dec. 13, 2023 | THE KINDER LAW GROUP, APC |
| | By:   //s/<br>Brian P. Kinder, Esq.<br>THE KINDER LAW GROUP, APC<br>19200 Von Karman Avenue, Fourth Floor<br>Irvine, California 92612<br>P: (949) 216-3070<br>F: (949) 216-3074<br>E: bkinder@tklglaw.com<br>Attorneys for Defendants |

## **JURY DEMAND**

Defendants demand a trial by jury of all issues so triable.

Respectfully submitted,

Dated: Dec. 13, 2023            THE KINDER LAW GROUP, APC

By: //s/
Brian P. Kinder, Esq.
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
P: (949) 216-3070
F: (949) 216-3074
E: bkinder@tklglaw.com
Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Following ECF registrants. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Wendy C. Larson, Esq.<br>PIRKEY BARBER, PLLC<br>1801 East 6th Street, Suite 300<br>Austin, Texas 78702<br>T: (512) 322-5200<br>F: (512) 322-5201<br>E: wlarson@pirkeybarber.com<br>Attorneys for Plaintiff | Ronald P. Oines, Esq.<br>RUTAN & TUCKER, LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, California 92612<br>T: 714.641.5100<br>F: 714.546.9035<br>E: roines@rutan.com<br>Attorneys for Plaintiff |

I further certify that I have transmitted a true copy of the foregoing document by electronic mail on the foregoing.

Dated: Dec. 13, 2023     By:  //s/
                              Brian P. Kinder, Esq.
                              THE KINDER LAW GROUP, APC
                              19200 Von Karman Avenue, Fourth Floor
                              Irvine, California 92612
                              P: (949) 216-3070
                              F: (949) 216-3074
                              E: bkinder@tklglaw.com
                              Attorneys for Defendants