UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET JAMES LLP,<br><br>    Plaintiff,<br><br>    v.<br><br>SWEET JUSTICE, P.C., and RAFAEL CONTRERAS SWEET,<br><br>    Defendants.<br><br>SWEET JUSTICE, P.C., and RAFAEL CONTRERAS SWEET,<br><br>    Counterclaimants.<br><br>    v.<br><br>SWEET JAMES LLP,<br><br>    Counterdefendant, | Case No. 8:23-cv-01415-JWH-DFM<br><br>**ORDER GRANTING COUNTERDEFENDANT'S MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS [ECF No. 26]** |

Before the Court is the motion of Plaintiff and Counterdefendant Sweet James LLP to dismiss[1] the counterclaims of Defendants and Counterclaimants Sweet Justice, P.C. and Rafael Contreras Sweet.[2] The Court conducted a hearing on the Motion in January 2024.[3]

## I. BACKGROUND

### A. The Parties

Plaintiff Sweet James and Defendant Sweet Justice are personal injury law firms in Southern California.[4] Plaintiff Sweet James was founded and is managed by James Bergener.[5] Defendant Rafael Contreras Sweet is the director and shareholder of Defendant Sweet Justice.[6]

### B. The Complaint

Sweet James filed its Complaint in this Court in August 2023.[7] The Complaint focuses on Sweet James's registered trademarks: "Sweet James" and "Justice with Sweet James," "as well as common law rights in these and other Sweet-formative marks," including "Sweet Justice."[8] Sweet James asserts the following six claims for relief:

- trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 & 1117;

---

[1] Pl./Counter Def.'s Mot. to Dismiss or Strike Def.'s Countercls. (the "Motion") [ECF No. 26].

[2] Countercl. Against Counter Def. (the "Counterclaim") [ECF No. 24].

[3] See Mins. of Hr'g Re: Motion [ECF No. 31].

[4] See Compl. (the "Complaint") [ECF No. 1] ¶¶ 7 & 15; Answer to Complaint (the "Answer") [ECF No. 23] ¶ 15.

[5] Complaint ¶ 8.

[6] Id. at ¶ 6; see also Answer ¶ 6.

[7] Id.

[8] Id. at ¶ 9.

- unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a));
- trademark dilution under Cal. Bus. & Prof. Code § 14247;
- unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*;
- common law unfair competition; and
- refusal of registration.[9]

Sweet James seeks damages (including treble damages for willful infringement), declaratory and injunctive relief, and attorneys' fees and costs.[10]

### C. The Counterclaims

Mr. Sweet and Sweet Justice (jointly, "Sweet Justice") filed Counterclaims against Sweet James in December 2023.[11] Counterclaimants assert the following three counterclaims for relief:

- non-infringement;
- non-dilution; and
- priority.[12]

Counterclaimants seek declaratory judgment in their favor and an award of attorneys' fees.[13]

### D. The Instant Motion

Sweet James filed the instant Motion in December 2023.[14] Sweet James asserts that Counterclaimants' claims for declaratory relief should be dismissed

---

[9] *Id.* at ¶¶ 28-49.
[10] *Id.* at ¶¶ A-K.
[11] *See* Counterclaim.
[12] *Id.* at ¶¶ 12-28.
[13] *Id.* at ¶¶ a-e.
[14] *See* Motion.

or stricken as "mirror-image declaratory judgment counterclaims."[15] Counterclaimants oppose the Motion,[16] and the matter is fully briefed.[17]

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

---

[15]   *See generally id.*

[16]   Opp'n to Motion (the "Opposition") [ECF No. 27].

[17]   Reply in Supp. of Motion (the "Reply") [ECF No. 28].

omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### B. Rule 12(f)—Motion to Strike

"Rule 12(f) allows a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1271 (C.D. Cal. 2014) (quoting Rule 12(f)). The court "must view the pleading in [the] light most favorable to the pleading party." *Oracle America, Inc. v. Micron Technology, Inc.*, 817 F. Supp. 2d 1128, 1131 (N.D. Cal. 2011).

"Motions to strike are "disfavored" in the Ninth Circuit. *Staggs v. Doctor's Hosp. of Manteca*, 2016 WL 3027742, at *2 (E.D. Cal. May 26, 2016). Because of their disfavored status, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Diamond Resorts U.S. Collection Development, LLC v. Reed Hein & Assocs., LLC*, 2020 WL 8475976, at *1 (D. Nev. May 13, 2020).

### C. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

The parties appear to agree on the standard of review: that the Court may exercise its discretion to dismiss or strike counterclaims that are "mirror

images" of the underlying claims pled in the Complaint.[18] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (whether to hear counterclaims for declaratory judgment is a matter within the court's discretion); *Philips N. Am. LLC v. KPI Healthcare, Inc.*, 2020 WL 2475094, at *3 (C.D. Cal. Apr. 15, 2020) (a court may dismiss "mirror image" counterclaims); *Davis v. Hollywood & Ivar, LLC*, 2021 WL 4816822, *3 (C.D. Cal. July 30, 2021) (quoting *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008)) (describing the standard for dismissing "mirror image" counterclaims: "'[t]he court should focus on whether the counterclaims serve any useful purpose, and should dismiss or strike a redundant counterclaim only when it is clear that there is a complete identity of factual and legal issues'").

    The parties disagree regarding whether the counterclaims at issue here are such "mirror images." Sweet James asserts that the counterclaims for declaratory relief are "entirely duplicative or redundant of Sweet James'[s] claims" and should therefore be dismissed or stricken as "mirror-image declaratory judgment counterclaims."[19] In opposition, Counterclaimants argue that the counterclaims are not "mirror Images."[20]

    Counterclaimants describe the parties' history of applications for trademark rights with the U.S. Patent and Trademark Office ("USPTO") as follows:[21]

---

[18]    *See* Motion 0:21-1:24; Opposition 3:6-18.

[19]    *See generally* Motion.

[20]    *See generally* Opposition.

[21]    *Id.* at 2:13-3:3.

### A. The '146 Application and the '592 Opposition

- Sweet James filed an *intent-to-use* trademark application on November 19, 2021 (the "'146 Application"), for the term "Sweet Justice" for "legal services."
- Sweet Justice opposed that application on April 20, 2023 (the "'592 Opposition"), on the ground that Sweet Justice's actual use (commencing September 2, 2021) predates Sweet James's filing of the '146 Application.
- Sweet James filed a motion to stay the '592 Opposition pending the resolution of this case.

### B. The '086 Application

- Sweet Justice filed a *use-based* trademark application on February 22, 2022 (the "'086 Application"), for the term "Sweet Justice" for "legal services; litigation services" use, asserting the date of first use as September 2, 2021 (the same date that Sweet Justice asserted as the date of first use in the '592 Opposition to Sweet James's '146 Application).

Sweet James appears to concede that history of USPTO filings.[22]

Counterclaimants argue that their counterclaims are not mirror images and that the Motion should be denied because it is possible that the jury will find for Counterclaimants on the issues of infringement, dilution, or unfair competition but that the Court will decline to issue an order requiring the USPTO to refuse registration for Sweet James's '146 Application, such that a priority dispute with respect to the '086 Application will remain unsolved.[23]

---

[22] *See generally* Reply.

[23] Opposition 4:5-5:1.

Thus, Counterclaimants assert, all three counterclaims "are necessary to fully resolve both this dispute and the [dispute pending before the USPTO]."[24]

Sweet James counters that Counterclaimants appear to concede that the non-infringement and non-dilution counterclaims are redundant "mirror images."[25] The Court agrees: Counterclaimants' argument in their Opposition focuses solely on the unique importance of the *priority* counterclaim to resolution of the underlying trademark issues.[26]

Sweet James further counters that the priority counterclaim "is a threshold issue in [its] claims for infringement and dilution" and that Counterclaimants "asserted priority in [their] Answer as an affirmative defense," such that the priority counterclaim is similarly redundant.[27] The Court agrees with Sweet James's argument with respect to the priority counterclaim as well.

Therefore, Sweet James's Motion with respect to all three counterclaims is **GRANTED**, and the counterclaims are **DISMISSED**. Because amendment will not remedy the reason for dismissal, the Court dismisses the counterclaims **with prejudice**. *See Lopez*, 203 F.3d at 1127.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Sweet James's instant Motion to dismiss is **GRANTED.**

---

[24] *Id.* at 5:2-8.
[25] Reply 2:1-3.
[26] *See* Opposition 4:5-5:1.
[27] Reply 2:4-4:12.

2. Counterclaimants' three counterclaims are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Dated: July 18, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE